YAKIMA HOP CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9527.    Promulgated October 3, 1927.

Cost of repairing trellis on hop ranch *held* deductible as a necessary expense.

*Alfred P. Dobson, Esq.,* and *R. T. Jacob, Esq.,* for the petitioner.
*Warren F. Wattles, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits taxes in the amount of $2,213.93 for the calendar year 1921. The only question involved is whether petitioner is entitled to a deduction of the amount spent in repairing a hop trellis.

### FINDINGS OF FACT.

The petitioner is a Washington corporation with its principal office at Portland, Oreg. It owns two hop ranches and is engaged in the business of growing and selling hops.

In 1913 petitioner acquired an 80-acre hop ranch known as the Moxee Ranch. Substantially all of the ranch was covered with a hop trellis erected in 1912, consisting of wires running at right angles and supported by cedar poles set about 30 feet apart. The poles at the end of each row are braced by means of guy wires fastened to so-called dead men. The entire purchase price of the ranch was entered on the books of petitioner without segregation for the cost of the trellis.

From the time of acquisition of the ranch it was the practice of the petitioner to repair in each year, by replacing broken poles and wires, any damage suffered by the trellis. The costs of such repairs were entered on the books as expenses. By means of such annual repairs the useful life of the trellis may be maintained indefinitely.

In 1920 the hop vines on the Moxee Ranch bore an extraordinarily large crop. At about harvesting time in that year, due to the heavy

442 8 U. S. BOARD OF TAX APPEALS REPORTS. (441)

crop, rainfall, and wind, a number of guy wires broke and about one-half of the trellis collapsed, carrying with it many of the poles. As a result of the collapse it was necessary to cut some of the cross wires in harvesting the crop. In 1921 petitioner repaired the damage suffered by the trellis in 1920 by setting in new poles where necessary, salvaging and using such wire as could be utilized, and stringing new wire where necessary. In making such repairs petitioner expended $5,549.89, which included labor and materials. The repairs so made in 1921 added nothing to the value of the ranch over its value prior to the collapse of the trellis. Respondent disallowed as a deduction from income the amount so expended.

#### OPINION.

ARUNDELL: The expenditures made by petitioner in 1921 added no capital asset to its property. Repairs such as were made in 1921, except for the extent thereof, were made every year and were necessary to keep the property in condition to operate. The cost of the repairs made was, in our opinion, a necessary expense and a proper deduction from income. *Illinois Merchant Trust Co., Executor,* 4 B. T. A. 103.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by LANSDON and GREEN.